**LIAN HUA SUN, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

**No. 09–0596–ag.**

United States Court of Appeals, Second Circuit.

Nov. 4, 2009.

Nathan Weill, New york, NY, for Petitioner.

Tony West, Assistant Attorney General; Luis E. Perez, Senior Litigation Counsel; Elizabeth D. Kurlan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Lian Hua Sun, a native and citizen of China, seeks review of a February 3, 2009, order of the BIA affirming the August 22, 2006, decision of Immigration Judge ("IJ") Philip Morace, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lian Hua Sun,* No. A099 592 071 (B.I.A. Feb. 3, 2009), *aff'g* No. A099 592 071 (Immig. Ct. N.Y.

City Aug. 22, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions, or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165–66 (2d Cir.2008).[1]

In finding Sun not credible, the IJ reasonably relied upon inconsistencies between Sun's original asylum application, the record of her asylum interview, and her amended asylum application and testimony. Sun's original asylum application, filed in December 2005, stated her date of entry into the United States as April 2005. However, at her master calendar hearing in March 2006, DHS notified the IJ that Sun was arrested in the United States in February 2005. Subsequently, Sun amended her asylum application, changing her date of entry to January 2005. The IJ found it significant that Sun did not amend her application to reflect dates consistent with her February 2005 arrest until after DHS brought the arrest to the court's attention. Under the REAL ID Act, the IJ did not err by finding that this discrepancy served to undermine Sun's credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

The IJ also noted that Sun's testimony and amended asylum application gave in-

1. The asylum application at issue in this case is governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231 (2005). *See* Title I, § 101(a)(3) of the Act, 119 Stat. 231, 303 (amending 8 U.S.C. § 1158); *see also Xiu Xia Lin,* 534 F.3d at 165.

**534**

consistent dates for her date of arrest in China and her date of departure from China. The IJ found these discrepancies "significant." Substantial evidence supports the IJ's reliance on those discrepancies. *See Xiu Xia Lin,* 534 F.3d at 167 (permitting an IJ to rely on *any* inconsistency in making an adverse credibility determination, so long as the "totality of the circumstances" supports a finding that the applicant is not credible).

Sun argues that she explained that the erroneous dates might have been due to the fact that she was "confused," that her attorney may have "misunderstood and took the wrong date," and that she was "nervous" and "uptight" during her asylum interview. However, the IJ did not err in declining to credit these explanations. *See Majidi v. Gonzales,* 430 F.3d 77, 80 (2d Cir.2005) (holding that a petitioner "must do more than offer a 'plausible' explanation for his inconsistent statement to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony").

Sun also argues that the IJ impermissibly requested corroborating evidence without identifying particular pieces of missing relevant evidence or showing that such evidence was reasonably available. However, no such showing is required where an IJ's denial of relief is based on an adverse credibility finding. *See Maladho Djehe Diallo v. Gonzales,* 445 F.3d 624, 633–34 (2d Cir.2006).

Ultimately, because no reasonable fact-finder would be compelled to conclude to the contrary, the agency's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d at 165–66. Thus, the agency's denial of Sun's application for asylum was proper. Because Sun based her claims for withholding of removal and CAT relief on the

same factual predicate as her asylum claim, those claims necessarily fail. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't. of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).